Richard J. Cardamone, J.
The defendant has mpved to stay the action instituted by the plaintiff, on the grounds that this court has no jurisdiction over the subject matter of the complaint *435 because the same has been pre-empted and is the exclusive jurisdiction of the National Labor Relations Board.
The plaintiff, Herald Company, publishers of a Syracuse newspaper, has brought an action seeking $10,095 allegedly due and owing on a promissory note made by the defendant on October 19, 1962. Prior to the making of the note the defendant, Joseph Frey, was employed in the mailroom of the plaintiff newspaper. In the papers opposing this motion, it appears that in 1962 the defendant, with others, was laid off for lack of work. Plaintiff helped the defendant acquire an independent distributorship franchise for the distribution of the plaintiff’s newspapers to home subscribers. As part of its aid, plaintiff loaned the defendant $13,800 with which the defendant purchased said franchise from the previous distributor. Regular weekly payments in the amount of $10 (subsequently raised to $15) were made from 1962 through April 18,1968.
It is this plaintiff’s action on a promissory note which the defendant seeks to stay.
In the affidavit in support of this motion the defendant states that he was an employee of the plaintiff, Herald Company, for 33 years up until April, 1968. That from 1962 until April, 1968 he was a newspaper distributor. Mr. Frey states that he has been active in union activities and was president of the Mailers’ Union for 25 years and was instrumental in organizing the newspaper distributing employees of the Herald Company. He alleges that he was discharged by the plaintiff as a result of his union activity. Defendant alleges that the so-called promissory note was part of an over-all transaction at the time the defendant accepted employment as a newspaper distributor. He states that he never received the $13,800 but merely signed a document on the basis of representations of the plaintiff that he was “buying” a franchise. The understanding was that the $10 per week would be deducted from his transportation allowance supplied by the plaintiff as “ payment of this obligation ”. The defendant states that he never agreed to pay any amounts, other than from the transportation allowance. Subsequent to what the defendant claimed was his illegal discharge, he was informed that the plaintiff, Herald Company, sold his franchise for $15,000 to a third party who currently supplies the distributors in the territory formerly covered by the defendant. He states that the plaintiff publisher has never paid him anything for whatever interest he may have had in the franchise or to reimburse him for the amount he had paid in for the alleged “ purchase ” of the franchise. Finally, defendant contends that a Trial Examiner’s decision recommends that he be reinstated *436 to his former position with the plaintiff newspaper. This matter is now on appeal by the plaintiff to the full National Labor Relations Board. The defendant urges this court to stay all proceedings in this court until the matter has been determined in that forum.
Four previous decisions denying a stay, involving actions similarly instituted by the plaintiff publisher against its distributors were made by this court (O’Connor, Peterson, Lynch and Sullivan, JJ.).
A careful review of the proceeding before the Trial Examiner in support of the defendant’s motion reveals a number of controversies between this plaintiff and others, including this defendant; for example, the defendant’s employment status (whether an employee or independent contractor) with the plaintiff. There are related claims of wrongful discharge of the defendant and unlawful refusals to bargain. All of these matters are cognizable before the National Labor Relations Board.
The subject matter of this action, however, is a suit on a promissory note which, despite findings made by the Trial Examiner, is not a claim of an unfair labor practice, refusal to bargain collectively, nor does it on its face or impliedly involve wages or working conditions so as to be pre-empted by the jurisdiction of the National Labor Relations Board.
This court is not divested of jurisdiction under CPLR 3211 (subd. [a], par. 4) on the ground that there is another action pending between the same parties for the same cause of action in a court of the United States nor do the defendant’s moving papers make a sufficient cause for this court to issue a stay of its own proceedings. Such must have been made abundantly clear in the previous determinations handed down by this court in similar matters referred to above.